WILLIAM H. BRANTLEY *v.* THOMAS E. BATSON ET AL.

HOMESTEADS.  *Double claim.*

> A defendant in execution after abandoning his homestead in one tract of land and securing the same in another tract, cannot again defeat the execution by selling the last mentioned tract and returning to the first one claiming a homestead therein.

FROM the chancery court of, second district, Perry county.

HON. STONE DEAVOURS, Chancellor.

Brantley, the appellant, was complainant, and Batson and others, the appellees, were defendants in the court below. From a decree in defendants' favor the complainant appealed to the supreme court.

The facts sufficiently appear from the opinion of the court.

*Ellis & Sullivan,* for appellant.

The complainant was not actually occupying the lot in litigation at the time of the levy of the executions, but he moved on it and impressed it with the homestead character before the day of sale.  This he could do under the authority of *Trotter* v. *Dobbs,* 38 Miss., 198; *Irwin* v. *Lewis,* 50 Miss., 363; *Letchford* v. *Cary,* 52 Miss., 791; *Jones* v. *Hart,* 62 Miss., 13; and *Dulion* v. *Harkness,* 80 Miss., 8.  The complainant comes clearly within the provisions of § 1971, Code 1892.  He meets every requirement of the law in reference to holding property exempt from execution.  He is a citizen of the state; he is a householder and head of a family; he resides on the lot with his family, and it is worth less than two thousand dollars in value. He owns no other place or residence.  But it will be contended that he is estopped from asserting his claim to the lot as exempt from these executions.  We do not think the doctrine of estoppel can be invoked to prevent one from asserting his right of exemption of the homestead from seizure and sale under exe-

cution or attachment. To apply this doctrine would be equivalent to declaring that one, under certain conditions, could forfeit the right to hold his homestead free from execution or attachment, although he meets all the requirements of the law as to citizenship, being the head of a family, a householder, and actually residing on the property with his family. It would be equivalent to outlawing, not only the head of the family, but the family also, for the conduct of the head of the family, for which they were in no way responsible. *Hinds* v. *Morgan,* 75 Miss., 509.

It will be contended that the complainant asserted his exemption to the place in the country, and when it was released from the levy he sold it, and cannot now claim his exemption in the town property. The evidence shows a *bona fide* sale of the country place, and when the complainant sold it and moved from it, it ceased to be his homestead. On what principle can it be said that he is not entitled to acquire another homestead?

*Richie* v. *Duke,* 70 Miss., 66, is not authority for the ruling of the court below in the case at bar.

*Stevens & Stevens,* for appellees.

We refer this court to the following authorities, which we consider conclusive and as settling the question at issue—viz., can appellant, with two places and with judgment liens against his entire property and with executions in the hands of the officer, move from one place to the other and claim in succession each as his *bona fide* home? *Rutherford* v. *Jamieson,* 65 Miss., 219; *Richie* v. *Duke,* 70 Miss., 66, and authorities there cited—to wit, *Stone* v. *Darnell,* 20 Tex., 11; *Woodhall* v. *Rudd,* 41 *Ib.,* 375; *Willis* v. *Mathewson,* 46 *Ib.,* 478; Thompson on Homesteads, paragraphs 225, 319, 419, 648, 856; also 15 Am. & Eng. Ency. Law, 660 and 661.

CALHOON, J., delivered the opinion of the court.

Mr. Brantley lived on a lot he owned in town, where he had lived for two years. He had other property four miles dis-

tant in the country, on which he had not lived for two years. Executions on judgments against him were levied on the country property, and a week or two before the day of sale he moved out, and forbade the sale, as it was about to be made, claiming the country land as being his exempt homested. Therefore the sale was not made, but at once the creditors got alias writs of execution, and levied on the town property, and had it advertised for sale, when Mr. Brantley made sale and conveyance of his country property, moved back on his tow nproperty, and seeks to enjoin the sale of that on the ground that it is his homestead. All this occurred within about thirty days. If the claim of Duke in *Richie* v. *Duke,* 70 Miss., 69 (12 South., 208), was, as the court said, "preposterous and unallowable," what shall we say of this case in all its features? We have not undertaken to set out all the facts. In *Rutherford* v. *Jamieson,* 65 Miss., 221 (3 South., 413), the court says: "Homestead rights are to be protected according to law, but are not to be perverted into instruments of fraud."

*Affirmed.*